**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Criminal No.: 94-cr-303 (RC) |
| | : | |
| Jason T. Graham, | : | Re Document No.:    17 |
| *Defendant.* | : | |

**MEMORANDUM OPINION & ORDER**

**DENYING DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD**

**I.  INTRODUCTION**

In 1994, Defendant Jason T. Graham was charged with wire fraud (count one) and
attempted credit card fraud (count two) while employed as a paid student intern at the
Department of Justice, Office of Legal Education.  *See generally* Information at 1, 5, ECF No. 3.
Mr. Graham pled guilty before the Honorable Norma Holloway Johnson to the count of
attempted credit card fraud and was sentenced to one year incarceration, execution of sentence
suspended as to all but 20 consecutive weekends, and two years' probation.  *See* J. & Probation
Order ("Probation Order") at 1, ECF No. 11.  Mr. Graham was also required to pay $25 special
assessment and $701.56 in restitution for merchandise he purchased from a Macy's department
store with a fraudulent credit card.  *Id.* at 2; Plea Agreement ¶ 2, ECF No. 8; *see also*
Government's Opp'n to Def.'s Mot. to Expunge ("Gov't Opp'n") at 2, ECF No. 19.

On August 13, 2018, Mr. Graham filed the current motion to expunge his criminal record.
See Def.'s Mot. Expunge ("Def.'s Mot."), ECF No. 17.  In his brief motion, Mr. Graham states
that he "made a mistake when [he] was a kid" and that he needs to "clear [his] name to apply for
work and to obtain Global Entry as [he] will be traveling often overseas for work."  *Id.* at 1.  The

United States Government filed a motion in opposition, arguing that Mr. Graham is not entitled to expungement of his criminal record because Mr. Graham was twenty years old at the time of his offense and has not shown any "extraordinary circumstances" that would warrant expungement.  Gov't Opp'n at 4.  This Court gave Mr. Graham the opportunity to file a reply, which he did not take, so this Court proceeds with only Mr. Graham's initial motion and the Government's opposition.  Min. Order Oct. 17, 2018.  This Court agrees with the Government. Because Mr. Graham has not demonstrated that he has met the standard for criminal expungement in this Circuit, the Court will deny the motion.

## II.  ANALYSIS

### A.  Legal Standard

Expungement of criminal records may be provided by either federal or state statute, but absent any statutory basis for expungement, the D.C. Circuit has held that courts nonetheless "have the inherent, equitable power to expunge arrest records . . . 'when that remedy is necessary and appropriate in order to preserve basic legal rights.'"  *United States v. Douglas*, 282 F. Supp. 3d 275, 277 (D.D.C. 2017) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)).  The authority of a court to grant expungement "derives from the 'general power of the federal courts to fashion appropriate remedies to protect important legal rights.'"  *United States v. Woods*, 313 F. Supp. 3d 197, 198–199 (D.D.C. 2018) (quoting *Doe v. Webster*, 606 F.2d 1226, 1230 n.8 (D.C. Cir. 1979)).

"The general rule . . . [is that] expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Doe*, 606 F.2d at 1231.  "Expungement is the proper remedy when there is a 'lack of

probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.'" *Woods*, 313 F. Supp. 3d at 199 (quoting *Doe*, 606 F.2d at 1230 (citation omitted)).  Extraordinary circumstances may include politically or racially motivated arrests, misleading law enforcement testimony, incorrect legal advice, or an arrest that was predicated on a statute that was subsequently declared unconstitutional.  *Id.* (citing *Doe*, 606 F.2d at 1230 nn.10–11).  "Expungement is justified when the movant can show that she has suffered a harm rising to the level of extraordinary or unusual circumstances, and that the need to prevent such harm outweighs the government's interest in maintaining criminal records."  *Id.* (citing *Doe*, 606 F.2d at 1231).

**B.  Defendant Graham's Motion to Expunge Must Be Denied Because Issues with Employment and Travel Accommodations Do Not Warrant Expungement**

It is well-established that difficulties obtaining employment and concerns regarding travel do not constitute "extraordinary" or "unusual" circumstances warranting expungement. Consistently, courts in this Circuit have denied motions to expunge that rest on a defendant's desire to secure desired employment.  For example, in *United States v. Woods*, the defendant moved to expunge her criminal record of second degree theft, arguing that she completed her sentence and was unable to obtain employment with the federal government because of her criminal record.  313 F. Supp. 3d at 198.  The defendant did not allege any violation of her rights nor claim that any statute authorized her expungement request.  *Id.* at 199.  The court denied the defendant's motion for expungement, explaining that the "inability to obtain specific employment is neither an exceptional circumstance nor an unusual result of a criminal conviction," and in any event, the government's interest in maintaining criminal records outweighed the consequence of defendant's lost employment.  *Id.* at 200; *see also United States v. Derouen*, 279 F. Supp. 3d 298, 300 (D.D.C. 2018) (denying defendant's motion to expunge

while noting that "[a] criminal record is a usual, ordinary barrier to gainful employment");
*United States v. Spinner*, 72 F. Supp. 3d 266, 268 (D.D.C. 2014) (denying motions to expunge in
which the defendant expressed a desire to gain a security clearance that would "open doors" in
employment, but did not otherwise contest his guilt or any of the circumstances surrounding his
arrest or conviction); *United States v. Baccous*, 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013)
("Defendant's concerns regarding his employment . . . are unquestionably valid; however, under
existing law, they do not afford the court discretion to expunge his record.").

Here, Mr. Graham's brief reference to barriers to obtaining desired employment does not
meet this Circuit's standard for expungement.  Like the defendant in *Woods*, who backed her
motion with the desire to apply for work in the federal government, Mr. Graham only states a
desire to "apply for work," which is not evidence of an extraordinary circumstance warranting
expungement.  *See* Def.'s Mot.  Moreover, Mr. Graham's motion does not actually provide
evidence that he has had trouble obtaining desired employment—in.  In fact, based on the
language of the motion in which he says he "will be traveling often overseas for work," it
appears Mr. Graham is currently employed, and it is not apparent to this Court that Mr. Graham
has suffered any extraordinary or unusual harm in employment from the maintenance of his
criminal record.  *See* Def.'s Mot.  Because Mr. Graham's motion does not identify any additional
circumstances that would warrant expungement, this Court must follow settled precedent: that
expungement cannot be granted because of collateral consequences on a defendant's
employment.

Mr. Graham also mentions a need to obtain Global Entry because he will be traveling
overseas for work, but at least one other court has found that a desire for Global Entry does not
meet the bar to vacate a criminal conviction.  *See United States v. Alcalay*, 2019 WL 2450913, at

*4 (D. Vt. June 12, 2019) (holding that defendant could not receive *coram nobis* relief to vacate his misdemeanor conviction when defendant argued that his prior arrest had interfered with his ability to obtain Global Entry).  In fact, this Court has not located any authority to suggest that a desire for Global Entry is pertinent to the question of expunging a criminal conviction—Global Entry is granted on a discretionary basis by the Department of Homeland Security, and "[a]n individual who is denied participation [in the Global Entry program] is not prohibited from traveling internationally.  Rather, the individual must proceed through customs as other international travelers and may not use the dedicated lanes for the Global Entry participants." *See McLean v. Morgan*, 2020 WL 5094683, at *2, *7 (D. Kan. Aug. 28, 2020) (holding that the Court could not order plaintiff's participation in the Global Entry program when plaintiff was denied for having multiple convictions, while noting that the agency could have denied participation due to a single conviction).  In sum, Mr. Graham has not asserted any difficulties in travel that are "extraordinary" or "unusual" and merely states a desire to obtain Global Entry, which does not warrant expungement.

Mr. Graham's motion to expunge must be denied because routine difficulties in obtaining employment or travel accommodations do not warrant expungement, and his sparse motion does not otherwise assert any extraordinary or unusual circumstances that would meet this bar.

### III.  CONCLUSION

Because Mr. Graham has failed to demonstrate any circumstances that would outweigh the government's interest in maintaining criminal records, this Court cannot grant the equitable relief of expungement.  Accordingly, Defendant Jason T. Graham's Motion to Expunge Criminal Record (ECF No. 17) is hereby **DENIED**.

**SO ORDERED**.

Dated: July 13, 2022                         RUDOLPH CONTRERAS
                                             United States District Judge